**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 09-6854

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

OCTAVIO RENTERIA,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:06-cr-00037-GBL-1)

_____

Submitted:  October 5, 2009       Decided:  November 17, 2009

_____

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Octavio Renteria, Appellant Pro Se.  Dennis Michael Fitzpatrick,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Octavio Renteria pled guilty to possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). He was sentenced on May 19, 2006. Over two years later, Renteria filed a motion styled "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3742," alleging that the district court did not take into account the applicable 18 U.S.C. § 3553(a) (2006) factors when issuing his sentence. The district court denied his motion, noting that it may only correct a sentence pursuant to Fed. R. Crim. P. 35 within seven days of sentencing, and Renteria had filed his motion over two years beyond that point. Additionally, the district court noted that it may only reconsider a sentence under 18 U.S.C. § 3742 (2006) when that sentence has been appealed and remanded by this court.

In response, Renteria filed a pleading styled "Objection to Order Denying Properly Filed § 3742 Motion," in which he requested that his motion and applicable sentencing materials be forwarded to this court for review. Citing 18 U.S.C. § 3742(d)-(e), the district court granted Renteria's objection and ordered the clerk to certify pertinent portions of the record to this court.

Renteria's informal brief filed in this court leaves no doubt that he seeks a belated direct appeal of his sentence.

In criminal cases, however, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment in Renteria's criminal case on May 19, 2006. Renteria filed his "Motion to Reduce Sentence pursuant to 18 U.S.C. § 3742," which is the earliest he can be deemed to have sought a direct appeal, over two years later. Because Renteria failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*] We note that the appeal period is not a jurisdictional provision in criminal cases, but rather a claim processing rule, see Bowler v. Russell, 551 U.S. 205, 209-14 (2007). Because Renteria's appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it. See United States v. Mitchell, 518 F.3d 740, 744 (10th Cir. 2008). We further note that even if Renteria's motion is construed to seek post-judgment review or reconsideration of his sentence pursuant to 18 U.S.C. § 3742, the district court correctly determined that such relief under that provision of law is unavailable.

3

materials before the court and argument would not aid the decisional process.

DISMISSED
